**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**MARCELL EDWARDS, #376165**

    Petitioner,

                                  Civil No: 06-CV-13690
                                  Honorable Nancy G. Edmunds
                                  Magistrate Judge Steven D. Pepe

v.

**SHERRY BURT**,

    Respondent.

_____

**OPINION & ORDER DISMISSING HABEAS
PETITION WITHOUT PREJUDICE**

**I. Introduction**

This habeas matter is before the Court on Petitioner's *pro se* request for habeas relief pursuant to 28 U.S.C. §2254. Petitioner was convicted of second-degree murder, felon in possession of a firearm and felony firearm and is serving two concurrent terms of thirty to fifty years and thirty-eight months to five years with the addition of a consecutive term of two years, respectively. Petitioner raises one claim for this Court's review which is whether the trial court erred in failing to suppress Petitioner's custodial statement in violation of *Edwards v. Arizona,* 451 U.S. 477 (1981). Before, Respondent filed her response to Petitioner's habeas petition, Petitioner filed a "Motion for Stay of Proceedings" asserting a request to exhaust three issues in state court before returning to this Court for completion of its habeas review. The motion is presently before the Court. Respondent has filed an "Answer to Petition for Writ of Habeas Corpus." For the reasons set forth below, the Court denies Petitioner's request for a stay and dismisses this matter without prejudice.

## II. Discussion

Petitioner claims that: "while waiting for the respondent to file it's answer, [he] had a paralegal examine his trial transcripts and other legal documents for possible issues his [a]ppellate attorney might have overlooked [and that] the paralegal found several issues that he felt would be meritorious of reversal, and offered to assist [him] in preparing and filing a motion for [r]elief from [j]udgment pursuant to MCR 6.502." *(Motion for Stay of Proceedings, pg. 1).* The three new issues Petitioner seeks to raise in state court are: (1) whether certain evidence used to secure Petitioner's conviction was improperly procured (i.e., product of an illegal arrest); (2) whether Petitioner received ineffective assistance of counsel; and (3) whether Petitioner was subjected to an unreasonable delay of four days between his arrest and arraignment. None of these issues are presented in Petitioner's habeas petition.

The issue before the Court is whether Petitioner's habeas petition should be stayed and held in abeyance pending the exhaustion of the above stated issues. In order to resolve this matter, the Court must determine whether Petitioner is in compliance with the *Rhines* test relative to staying habeas petitions for the purpose of exhausting claims. *Rhines v. Webber,* 544 U.S. 269 (2005)

Federal district courts are authorized to stay fully exhausted federal habeas petitions pending the exhaustion of other claims. *Anthony v. Cambra,* 236 F.3d 568, 575 (9th Cir.2000). In *Rhines v. Weber*, 544 U.S. 269 (2005), the United States Supreme Court stated that a district court's discretion to issue stays in habeas cases is circumscribed to the extent it must "be compatible with AEDPA's [Antiterroism and Effective Death Penalty Act] purposes." 544 U.S. at 276. The *Rhines* Court pointed out that one of the AEDPA's purposes is to "reduce delays in the execution of state and federal criminal sentences" based on the "well-recognized interest in the finality of state judgments."

*Id.* (quoting *Woodford v. Garceau*, 538 U.S. 202, 206 (2003), and *Duncan v. Walker*, 533 U.S. 167, 179 (2001)). In addition, the AEDPA's statute of limitations tolling provision was intended to "reinforce [ ] the importance of *Lundy's* "simple and clear instruction to potential litigants: before you bring any claims in federal court, be sure that you first have taken each one to state court." *Id.* at 276-77 (quoting *Rose v. Lundy*, 455 U.S. 509, 520 (1982)). The *Rhines* Court went on to state:

> Stay and abeyance, if employed too frequently, has the potential to undermine these twin purposes. Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition.... For these reasons, stay and abeyance should be available only in limited circumstances.

*Id.* at 277.

The *Rhines* court held that stay and abeyance "is only appropriate when the district court determines there was good cause[1] for the petitioner's failure to exhaust his claims first in state court," and that, "even if a petitioner had good cause for that failure," it would be an abuse of

---

[1] Federal courts have yet to achieve a consensus on what constitutes good cause within the meaning of *Rhines v. Weber* for failing to exhaust state court remedies. Various courts have adopted the standard for cause applicable to procedural defaults which requires that some "objective factor external to the defense" made it impossible to bring the claim earlier in the state court proceedings as required by *Coleman v. Thompson*, 501 U.S. 722, 755 (1991). Others, such as *Jackson v. Roe*, 425 F.3d 654, 662 (9th Cir.2005), and the remanded *Rhines v. Weber*, 2005 WL 3466015, *2-3 (D.S.D., December 19, 2005) concluded that good cause did not require a showing of "extraordinary circumstances." Another court to discuss the standard of good cause under *Rhines* was the Eastern District of Pennsylvania. That court concluded that the good cause standard falls somewhere between the "lower threshold of unfairness," and the "higher standard of extraordinary circumstances, necessary for equitable tolling in capital cases." See *Baker v. Horn*, 383 F.Supp.2d 720, 747 (E.D.Pa.2005). Case law in this district prior to the *Rhines* decision held that in order to stay federal proceedings and hold a habeas petition in abeyance pending resolution of state court proceedings, there must be exceptional or unusual circumstances. See *Sitto v. Bock*, 207 F.Supp.2d 668, 676 (E.D.Mich.2002); *Hudson v. Martin*, 68 F.Supp.2d 798, 800 (E.D.Mich.1999).

3

discretion for the court to grant a stay where the unexhausted claims "are plainly meritless" or the "petitioner engages in abusive litigation tactics or intentional delay." *Id.* at 277. "On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *Id.* at 278.

Applying the *Rhines* analysis to this case, first, the issue is whether the factual circumstances as espoused by the Petitioner constitute good cause for failing to exhaust the above stated claims. The Court finds that Petitioner fails to assert any cause for his failure to raise these three issues in state court, but rather states that while he was waiting for Respondent to file a response, he thought he would have someone with some legal experience take a look at his habeas petition to see if there were any other issues he could raise to buttress his initial request for habeas relief. Upon a paralegal's find of the three claims set forth above, Petitioner now seeks to exhaust those issues in state court. The Court finds that this set of facts does not come within the realm of "good cause" under *Rhines*.

Second, Petitioner does not elaborate substantively about these three issues he wishes to exhaust , and therefore, it is not clear whether they are "plainly meritless." Finally, it is not apparent to the Court that Petitioner has engaged in dilatory litigation tactics in the litigation of this matter.

Therefore, the Court finds that the "stay-and-abeyance" procedure may not be applied to Petitioner's case because be failed to satisfy the *Rhines* test. The Court may nevertheless provide safeguards so as not to "jeopardize the timeliness of a collateral attack" in light of the fact that his claims are

not "plainly meritless" nor has Petitioner demonstrated dilatory conduct during the pendency of this matter. *Palmer v. Carlton,* 276 F.3d 777, 781 (6th Cir. 2002), quoting *Zarvela v. Arizona,* 254 F.3d 374, 380 (2nd Cir. 2001). The Court shall adopt the safeguards approved by the Sixth Circuit in *Hargrove v. Brigano,* 300 F.3d 717, 719-21 (6th Cir. 2002)

Therefore, the Court shall dismiss the petition without prejudice and the one-year limitations period shall be tolled from the date Petitioner filed his petition, August 18, 2006, until Petitioner returns to federal court. This tolling of the limitations period is conditioned upon Petitioner pursing his state remedies within sixty days of this Court's Order and returning to federal court within sixty days of exhausting his state remedies. *Id.* at 718, 721.

### III. Conclusion

Petitioner has failed to exhaust three claims arising out of his conviction and has failed to demonstrate to the Court that he had good cause to make such an omission.

Accordingly,

IT IS HEREBY ORDERED that Petitioner's "Motion for Stay of Proceedings" **[Doc. #4-1, filed December 5, 2006]** is **DENIED.**

IT IS FURTHER ORDERED that Petitioner's "Petition for Writ of Habeas Corpus 2254" **[Doc. #1-1, filed August 18, 2006]** is **DENIED** and this matter is **DISMISSED WITHOUT PREJUDICE.**

IT IS FURTHER ORDERED that the one year statute of limitations found in 28 U.S.C. §2244(d)(1) shall be tolled from August 18, 2006, until the time Petitioner returns to federal court

to pursue habeas relief, provided that: (1) Petitioner presents his unexhausted claim (s) to the state court within **sixty days** from the date of this Order and (ii) Petitioner returns to this Court to pursue habeas corpus relief within **sixty days** of exhausting state court remedies.

                    s/Nancy G. Edmunds
                    Nancy G. Edmunds
                    United States District Judge

Dated: September 5, 2007

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 5, 2007, by electronic and/or ordinary mail.

                    s/Carol A. Hemeyer
                    Case Manager